## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ERIC FLORES, *pro se*,

       Plaintiff,

v.                               Case No:   2:15-cv-653-FtM-99CM

UNITED STATES ATTORNEY
GENERAL,

       Defendant.

_____

### REPORT AND RECOMMENDATION[1]

Before the Court is *Pro Se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3), which the Court construes as a Motion to Proceed *In Forma Pauperis*. In accordance with 28 U.S.C. § 1915, in order to proceed *in forma pauperis*, Plaintiff must first meet the requirements of indigency, and then must allege a non-frivolous cause of action. For the reasons stated herein, it is recommended that Plaintiff's motion be denied, and his complaint be dismissed without prejudice.

### I.   Indigency

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. §

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

1915(a)(1). When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court .... is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). A person need not be "absolutely destitute" or reduce himself to a public charge in order to proceed in *forma pauperis*; rather "an affidavit will be held sufficient if it represents that the litigant, because of [his] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [himself] and [his] dependents." *Id.*

Here, Plaintiff has completed an Application to Proceed in District Court Without Prepaying Fees or Costs stating that he is homeless, unemployed, and does not have any amount of money in cash, or in a checking or savings account. Doc. 3 at 2. He further states that he owns no real property and has no financial assets. *Id.* As dependents he lists a payment of $100 each month to support his daughter, however, he also states that he owes "backpay [sic] in child support to the Texas Attorney General." *Id.* After reviewing the Affidavit, the Court finds Plaintiff financially qualifies to proceed *in forma pauperis* in this action. For the reasons set forth more fully below, however, the Court recommends that Plaintiff's motion be denied and his complaint be dismissed without prejudice.

## II. Sufficiency of the Complaint

Once an application for leave to proceed *in forma pauperis* demonstrates sufficient economic eligibility on its face, the Court must proceed to determine the sufficiency of Plaintiff's claims. In accordance with 28 U.S.C. § 1915, the undersigned

may dismiss the case or refuse to permit the case to continue without payment of fees "if the court determines that (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. See 28 U.S.C. § 1915(e)(2).

In his Complaint, Plaintiff sues the United States Attorney General, alleging that his First Amendment Rights were violated. Doc. 1. He also seeks to represent a class of "Mexican American citizens" who are pursuing "relief from imminent danger such as death." *Id.* at 2-3. Plaintiff asserts that he is making claims for governmental interference with his marriage in violation of his First Amendment right to religion, and government interference with his communication with federal agencies in violation of his First Amendment right to free speech. *Id.* at 4. Although Plaintiff's sixty-four page Complaint is difficult to comprehend, he repeatedly alleges that an unnamed "group of executive employees of the federal government" have inflicted torture in the form of mind altering substances, genetic codes, and direct signals from satellites in order to control and harm various Mexican-Americans who are family members, friends, and/or acquaintances of Plaintiff. *Id.* at 14. Plaintiff further alleges that these unnamed federal officials have conspired to harm him, members of his family, and a postal investigator inquiring into his complaints of mail theft by using a sophisticated satellite-based technology capable of altering these individuals' genetic code. *Id.* at 14. Additionally, this satellite technology also

allegedly caused a variety of afflictions to Plaintiff and others, including a liver abscess, heart attack, gastrointestinal distress and cocaine addiction, as well as causing Plaintiff's various family members to commit adultery in contravention of their religious beliefs, constituting an unjustified governmental interference with First Amendment right to free exercise of religious beliefs.  *Id.* at 25.

### 1.  Pleading Inadequacies

First, Plaintiff's Complaint (Doc. 1) fails to comply with Federal Rules of Civil Procedure 8 and 10.  Rule 8(a) requires that a pleading set forth a claim of relief and contain a "short and plain statement" in which the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 561-63 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).  Further, Federal Rule 10 requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).  Although *pro se* complaints are typically held to a less stringent standard than pleadings drafted by attorneys, *Anderson v. Collier Cty. Sheriff,* 2011 WL 9044, at *1 (M.D. Fla. Jan. 3, 2011) (quoting *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir.1976)), a *pro se* litigant is still bound to follow the pleading requirements set forth in the Federal Rules of Civil Procedure.  *See Goldsmith v. City of Atmore,* 996 F.2d 1155, 1161 (11th Cir. 1993).  Plaintiff's lengthy and disorganized Complaint

cannot be considered a "short and plain statement" and does not comply with Rule 8 or Rule 10.

### 2. Frivolousness of Complaint

A lawsuit is deemed frivolous when the plaintiff's "realistic chances of ultimate success are slight." *Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). The Supreme Court has cautioned, however, that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). It is not enough that the Court finds the allegations to be unlikely, however the Court need not accept "fantastic or delusional scenarios." *Id.* In considering Plaintiff's Complaint, the Court takes all allegations as true and has drawn all reasonable inferences in his favor. *Estelle v. Gamble*, 429 U.S. 97 (1976). In addition, as Plaintiff is a *pro se* litigant, this Court has liberally reviewed the allegations and legal claims. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required here because Plaintiff's Complaint fails to state any non-frivolous claims upon which relief may be granted.

In sum, Plaintiff's Complaint is frivolous on its face. As noted by the Supreme Court in *Denton*, "a finding of factual frivolousness is appropriate when the facts

alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." 504 U.S. at 33. Here, Plaintiff's complaint rises to the level of being irrational, and therefore should be dismissed. Additionally, Plaintiff has filed similar actions throughout the Middle District of Florida, including Ocala and Orlando divisions, which have been deemed frivolous and dismissed. *See, e.g., Flores v. United States Attorney General*, No. 6:12-cv-1659-ORL-19DAB, Doc. 6 (M.D.Fla. December 3, 2012) (adopting the Report and Recommendation to deny Plaintiff's Application to Proceed *Informa Pauperis* and dismiss Plaintiff's complaint because it was frivolous on its face.); *Flores v. Attorney General, et al.*, No. 5:14-cv-00451-OC-30PRL, Doc. 3 (M.D. Fla. August 14, 2014) (dismissing the case without prejudice as frivolous and without merit when Plaintiff alleged that he and his family and friends were being tortured through genetic code sent through satellite). Plaintiff and his family, however, reside in El Paso, Texas and appear to have no connection whatsoever to Fort Myers, Florida. Doc. 1 at 1-3. Further, Plaintiff's similar filings have been uniformly rejected by other courts in and outside of Florida based on frivolousness. *See, e.g., Flores v. Attorney General*, 2013 WL 3190573 (D.N.H. June 20, 2013); *Flores v. Attorney General*, 2013 WL 5435210 (D. Me. Sept. 26, *2013); Flores v. Attorney General,* 2014 WL 559368 (S.D. Ohio Feb. 11, 2014); *Flores v. United States Attorney Gen.*, 2015 WL 7424148 (D.R.I. Oct. 21, 2015). Similarly, in the present Complaint, Plaintiff's allegations are frivolous and fail to state any viable legal claims and should be dismissed with prejudice due to Plaintiff's continued pursuit of groundless litigation.

Additionally, the Supreme Court has restricted Plaintiff from filing any future *in forma pauperis* petitions in noncriminal matters unless he paid the required docketing fee in advance. *Flores v. Holder*, 132 S. Ct. 2397 (U.S. 2012). While the Court would considering denying Plaintiff's motion without prejudice to allow him to file an amended complaint with the appropriate filing fee, such a request would be futile because the Court has no way of contacting Plaintiff. The Court issued standing Orders to Plaintiff at his address of record. *See* Docs. 4, 5, 6. Each of those Orders were returned as undeliverable. *See* Docket. Plaintiff has not provided an updated address to the Court. Accordingly, the Court recommends that this case be dismissed without prejudice because the Court has no way of communicating with Plaintiff. *See Battle v. Collier County Sheriff's Office*, No. 2:14-cv-98-FtM-29DNF, 2014 WL 905483, at *1 (M.D. Fla. March 6, 2014) (stating that issuing an Order to Show Cause would be futile as the order would be returned, and that the case was subject to dismissal for Plaintiff's failure to keep the Court apprised of his mailing address.).

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1.     Plaintiff Eric Flores's Affidavit of Indigency (Doc. 3), construed as a motion to proceed in *forma pauperis*, be **DENIED.**

2.     Plaintiff's Complaint (Doc. 1) be **DISMISSED without prejudice.**

**DONE** and **ENTERED** in Fort Myers, Florida on this 10th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record